```
                   UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF KENTUCKY
```
**CENTRAL DIVISION AT LEXINGTON**

```
ROBBY TRAVIS,                     )
                                  )
     Plaintiff,                   )
                                  )       Civil Action No.
v.                                )       5: 16-CV-341-JMH
                                  )
WARDEN FRANCISCO QUINTANTA, et    )
al.,                              )       MEMORANDUM OPINION
                                  )           AND ORDER
     Defendants.                  )
```

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Inmate Robby Travis is confined by the Bureau of Prisons ("BOP") at the Federal Correctional Institution-Lexington, located in the Lexington, Kentucky. Proceeding *pro se*, Travis has filed a civil rights action in which he asserts claims under: (1) 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971); and (2) the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–2680.  Travis has previously been granted *in forma pauperis* status in this proceeding, *see* R. 5, and has paid the assessed $39.21 initial partial filing fee.

The Court has conducted a preliminary review of Travis's complaint because he asserts claims against government

1

officials,[1] and because he has been granted pauper status. 28 U.S.C. §§ 1915(a); 1915A. In such cases, a district court must dismiss any action which: (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2); 1915A(b)(1). Travis is proceeding *pro se*, so the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

But as explained below, Travis has not alleged a claim upon which relief as to his allegations that the defendants violated his various federal constitutional rights, and those claims will be dismissed with prejudice. Travis's FTCA claims will be dismissed *without* prejudice to his right to file another FTCA action naming the proper defendant.

## ALLEGATIONS OF THE COMPLAINT

Travis challenges the conditions of his confinement at FMC-Lexington, alleging that he was, or has been, required to attend prison educational classes " … without a full time accredited

---

[1] Travis has named the following defendants, all of whom he identifies as officials employed at FMC-Lexington: (1) Warden Francisco J. Quintana, sued as "Francisci J. Quintana;" (2) "J." Toney, Supervisor of Education; (3) "J." Frisby, Teacher; (4) "E." Mullins, SLN/Teacher; (5) J. Gochnauer, Teacher; (6) "R." Rotherford, Apprencticeship Teacher; (7) "K." Collins, Library Supervisor.

2

staff teacher … " and that this alleged deprivation has " … amounted to an unnecessary and wanton infliction of mental pain." [R. 1, p. 2] Travis claims that the lack of competent or adequately trained educational staff at FMC-Lexington qualifies as deliberate indifference to his needs, and thus violates his rights guaranteed under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment. Travis also broadly alleges that the alleged instructional deficiencies at the prison violate his rights guaranteed by the First Amendment of the U.S. Constitution. Travis demands various amount of significant monetary damages to compensate him for the allegedly inadequate educational instruction, and for his resulting mental anguish and suffering. [*Id.*, pp. 3-4]

## DISCUSSION

As a preliminary matter, Travis fails to provide any information in support of his broad and conclusory challenge to the prison's educational classes and teaching staff, such as when the alleged events occurred; the nature of classes or instruction being challenged; why or how the lack of accredited teaching staff caused him injury; and how long he was required to attend the classes. In one passage, Travis alleges that he is entitled to substantial monetary compensation "… for each day

3

Plaintiff is mentally challenged for lack of proper education." [R. 1, p. 4]  But even liberally construing the complaint, Travis fails to allege a valid Eighth Amendment claim.

The Eighth Amendment prohibits any punishment which violates civilized standards of decency or "involve[s] the unnecessary and wanton infliction of pain." *Estelle v. Gamble*, 429 U.S. 97, 102–03 (1976) (internal quotation marks and citation omitted).  To establish an Eighth Amendment violation, a prisoner must demonstrate that he was deprived of "the minimal civilized measure of life's necessities." *Rhodes v. Chapman*, 452 U.S. 337, 347, (1981); *Wilson v. Seiter*, 501 U.S. 294 (1991)(an Eighth Amendment claim is stated where a prisoner is denied some element of civilized human existence due to deliberate indifference or wantonness); *Street v. Corrections Corp. of America*, 102 F.3d 810, 814 (6th Cir. 1996).

The Eighth Amendment obligates the government to provide prisoners with the necessities of life, basic hygiene and a hygienic environment.  As the Sixth Circuit stated: "We recognize that a deprivation of the basic necessities of life, *e.g.*, food, shelter, clothing, by prison officials would undoubtedly be a violation of an inmate's Eighth Amendment right to be free from cruel and unusual punishment."  *Bellamy v.*

4

*Bradley*, 729 F.2d 416, 419 (6th Cir.1984); *see also Dellis v. Corrs. Corp. of Am.*, 257 F.3d 508, 512 (6th Cir. 2001) (the deprivation of life's necessities, such as food or water, can constitute a claim under the Eighth Amendment).

But as the Sixth Circuit has pointed out, "a prisoner has no constitutional right to rehabilitation, education, or jobs." *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001) (citing *Rhodes*, 452 U.S. at 348); *Argue v. Hofmeyer*, 80 F. App'x 427, 429 (6th Cir. 2003). In *Saunders v. Kiska*, 165 F.3d 28, 1998 WL 708763 (6th Cir. Sept. 29, 1998), a state prisoner (Saunders) alleged that the cancellation of the prison's education program was cruel and unusual punishment. *Id*. at *2 The district court dismissed Saunders's Eighth Amendment claim and on appeal, the Sixth Circuit affirmed, concluding that because Saunders failed to allege that the cancellation of the educational program deprived him of life's necessities, he did not establish an Eighth Amendment violation. *Id*.

The same rationale applies here; in the absence of a constitutional right to any educational classes and/or advancement, much less classes taught by accredited instructors, Travis's bald allegation that the prison's the failure to

5

provide such accredited instructors treatment violates the Eighth Amendment simply fails on the merits.

Further, Travis has named as defendants six FMC-Lexington officials whom he identifies as "teachers," but he sets forth no facts explaining how or when any of these six defendants violated his Eighth Amendment rights. A *Bivens* plaintiff must allege that the defendants were personally involved in or responsible for the alleged deprivation of his federal rights. *See Rizzo v. Goode*, 423 U.S. 362, 373-77; *Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983).

Travis has also named Francisco Quintana, the Warden of FMC-Lexington, as a defendant, but again, he alleges no facts alleging how Warden Quintana violated any of his constitutional rights. The fact that Quintana holds an administrative or supervisory position over the other named prison official-defendants does not suffice under *Bivens*, because the theory of *respondeat superior* (vicarious liability) does not apply in civil rights actions. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995); *Jones v. City of Memphis*, 586 F.2d 622, 624-25 (6th Cir. 1978). Even broadly assuming that Warden Quintana may have denied a grievance filed by Travis, *Bivens* liability may

6

not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999).

To the extent that Travis alleges that the allegedly deficient educational instruction at the prison violated his Eighth Amendment rights and caused him to suffer mental anguish and emotional distress, Travis again states no grounds for relief. The Prison Litigation Reform Act states that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e) This statute applies to, and bars, Travis's Eighth Amendment claims seeking damages for emotional or mental distress, because Travis alleges no facts which even *remotely* suggest that he has sustained any type of physical injury. Thus, all of Travis's Eighth Amendment claims will be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)

Next, Travis alleges in broad and sweeping fashion that the allegedly deficient teaching staff at the prison violates his rights under the First Amendment of the U.S. Constitution. But

7

the First Amendment guarantees various rights, such as freedom of speech, freedom of assembly, freedom of religion, and freedom to petition the Government for a redress of grievances. Travis fails to identify which of his First Amendment rights was violated by the alleged actions or omissions of the named prison official-defendants, or explain how the alleged deprivation harmed him.

A complaint will not pass the screening test unless it presents "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," so as to clothe a claim in "facial plausibility." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The "facial plausibility" standard does not require "detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id*. at 678 (citations and internal quotation marks omitted).

As previously explained, the pleadings of *pro se* litigants must be liberally construed, but that liberality extends only so far; a district court is not required to "guess" what facts or circumstances underlie a *pro se* litigant's claim. Absent some elaboration of the facts and circumstances surrounding his claim, Travis's bald and factually unsupported allegations are

8

insufficient to establish a viable First Amendment violation. *See Harden-Bey v. Rutter*, 524 F.3d 789, 796 (6th Cir.2008) ("[I]n the context of a civil rights claim ... conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim.") (citing *Lillard v. Shelby County Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1987)); *Nafziger v.McDermott Int'l, Inc.*, 467 F.3d 514, 520 (6th Cir. 2006) (observing that "the court is not required to create a claim for the plaintiff[ ]") (internal quotation marks and citation omitted); *Cline v. Rogers*, 87 F.3d 176, 184 (6th Cir. 1996) (instructing courts not to suppose a plaintiff would be able to show facts not alleged or that a defendant has violated the law in ways not alleged). Travis's claims alleging a violation of his First Amendment right will also be dismissed for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)

Finally, Travis states that he asserts claims under the FTCA. [R. 1, p. 1] Travis's FTCA claim(s) will be dismissed, but without prejudice.

The United States of America is immune from suit except where its sovereign immunity is explicitly waived. *Fed. Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 475 (1994). The FTCA waives

9

this immunity and allows federal district courts to hear tort actions against the federal government for "injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). Substantively, the FTCA renders the United States liable "to the same extent as a private individual under like circumstances," subject to enumerated exceptions. 28 U.S.C. § 2674; *see Levin v. United States*, 133 S. Ct. 1224, 1228 (2013). The FTCA is the exclusive remedy for tort actions against the federal government, its agencies, and its employees. *Ascot Dinner Theatre v. Small Business Admin.*, 887 F.2d 1024, 1028 (10th Cir. 1989)

Federal prisoners are among the possible plaintiffs in FTCA cases. *United States v. Muniz*, 374 U.S. 150 (1963); 28 U.S.C. § 1346(b)(1); *Sosa v. Alvarez-Machain*, 542 U.S. 692, 700 (2004), The factual basis underlying Travis's invocation of the FTCA is unclear, but his FTCA claim must be dismissed for another reason, which is that an FTCA claim may be asserted *only* against the United States of America. *See* 28 U.S.C. § 2674; *Smith v. United States*, 561 F.3d 1090, 1099 (10th Cir. 2009) ("The United States is the only proper defendant in an FTCA action.");

10

*Jackson v. Kotter*, 541 F.3d 688, 693 (7th Cir. 2008) (same). Failure to name the United States as defendant in an FTCA suit results in a fatal lack of jurisdiction. *Allgeier v. United States*, 909 F.2d 869, 871 (6th Cir. 1990) Here, Travis did not name the United States as defendant to this action, so dismissal of his FTCA claim(s) without prejudice is appropriate. *Allgeier*, 909 F.2d at 871.[2]

## CONCLUSION

Accordingly, it is hereby **ORDERED** as follows:

1. The First and Eighth Amendment claims alleged by Plaintiff Robby Travis against the named defendants are **DISMISSED WITH PREJUDICE**, for failure to state a claim upon which relief can be granted. 28 U.S.C. §§ 1915(e)(2)

2. Travis's claims asserted under the FTCA, 28 U.S.C. §§ 1346(b), 2671–2680, are **DISMISSED WITHOUT PREJUDICE** to Travis's right to file another FTCA action naming the proper defendant.

3. The Court will enter an appropriate Judgment.

4. This matter is **STRICKEN** from the docket.

This December 8, 2016.

---

[2] Travis is advised that if he files a new civil action alleging a claim under the FTCA, he must **first** present his claim in writing to the appropriate agency (here, the BOP), within two years of the date the claim accrued, and bring a civil action within six months after the agency mails the notice of final denial of the claim. 28 U.S.C. § 2401(b); *Blakely v. United States*, 276 F.3d 853, 865 (6th Cir.2002); *Graham v. United States*, 96 F.3d 446, 448 (9th Cir.1996).



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

12